UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KALIFA PIERRE,

                                 Plaintiff,

  -against-

THE CITY OF NEW YORK; ANA LOPEZ; ANTHONY SASSO; MARK BENEDUCCI; WENDELL DIAS; ARLICIA ROBINSON; FRANK PANDULLO; KATIE RUSSELL; BRAIN HOLBERT; THOMAS KAMINSKI; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                 Defendants.
-----------------------------------------------------------------------X

**2nd AMENDED COMPLAINT AND JURY DEMAND**

ECF CASE

Docket No.
1:16-cv-1917

Plaintiff Kalifa Pierre, by her attorney Cary London, Esq. of London Indusi, LLP, for her complaint against the above Defendants alleges as follows:

## PRELIMARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2. The claim arises from a September 27, 2015 incident in which Defendants, acting under color of state law, unlawfully stopped and arrested Ms. Pierre without probable cause. Ms. Pierre initially spent approximately 25 hours unlawfully in police custody. At arraignments, Ms. Pierre reluctantly accepted an Adjournment in Contemplation of Dismissal with immediate sealing.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as

1

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Kalifa Pierre ("Ms. Pierre") resided at all times here relevant in Brooklyn, King's County, City and State of New York. Ms. Pierre is employed as a Patient Care Specialist at NY Presbyterian Hospital.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the

rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant Ana Lopez, Shield No. 12397 ("Lopez") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Lopez was, at the time relevant herein, a Police Officer under Shield # 12397 of the 73rd Precinct. Defendant Lopez is sued in her individual capacity.

12. Defendant Anthony Sasso, Shield No. 16055 ("Sasso") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Sasso was, at the time relevant herein, a Police Officer under Shield # 16055 of the 73rd Precinct. Defendant Sasso is sued in his individual capacity.

13. Defendant Mark Beneducci, Shield No. 31734 ("Beneducci") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Beneducci was, at the time relevant herein, a Police Officer under Shield # 31734 of the 100th Precinct. Defendant Beneducci is sued in his individual capacity.

14. Defendant Wendell Davis, Shield No. 8189 ("Davis") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Davis was, at the time relevant herein, a Police Officer under Shield # 8189 of the 73rd Precinct. Defendant Davis is sued in his individual capacity.

15. Defendant Arlicia Robinson, Shield No. 59 ("Robinson") was, at all times here

relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Robinson was, at the time relevant herein, a Police Officer under Shield # 59 of the 73rd Precinct. Defendant Robinson is sued in her individual capacity.

16. Defendant Frank Pandullo, Shield No. 2866 ("Pandullo") was, at all times here relevant, a sergeant employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Pandullo was, at the time relevant herein, a Sergeant under Shield # 2866 of the 73rd Precinct. Defendant Pandullo is sued in his individual capacity.

17. Defendant Katie Russell, Shield No. 4609 ("Russell") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Russell was, at the time relevant herein, a Police Officer under Shield # 4609 of the 73rd Precinct. Defendant Russell is sued in her individual capacity.

18. Defendant Brian Holbert, Shield No. 30295 ("Holbert") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Holbert was, at the time relevant herein, a Police Officer under Shield # 30295 of the 73rd Precinct. Defendant Holbert is sued in his individual capacity.

19. Defendant Thomas Kaminski, Shield No. 4071 ("Kaminski") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Kaminski was, at the time relevant herein, a Police Officer under Shield # 4071 of the Police Academy. Defendant

Kaminski is sued in his individual capacity.

20. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

21. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

22. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

23. Within 90 days of the events rising to these claims, Plaintiff filed written notices of claim with the New York City Office of the Comptroller.

24. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

25. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## **FACTUAL CHARGES**

26. On September 27, 2015, at approximately 3:00 p.m., Ms. Pierre was standing outside of her apartment located at 227 Lott Avenue in Brooklyn, King's County, New York.

27. Ms. Pierre sees a group of police officers and begins recording the interaction from the sidewalk on her cell phone.

28. Ms. Pierre was not committing any crime or violating any law or local ordinance.

5

29. The Defendants, including Defendant Lopez, Defendant Sasso, Defendant Beneducci, Defendant Dias, Defendant Robinson, Defendant Pandullo, Defendant Russell, Defendant Kaminski, and Defendant Holbert, grabbed Ms. Pierre in front of 227 Lott Avenue.

30. Defendants, including Defendant Lopez, Defendant Sasso, Defendant Beneducci, Defendant Dias, Defendant Robinson, Defendant Pandullo, Defendant Russell, Defendant Kaminski, and Defendant Holbert, unlawfully grabbed Ms. Pierre by the arm and through her against a car, causing injury to her right shoulder.

31. Defendants, including Defendant Lopez, Defendant Sasso, Defendant Beneducci, Defendant Dias, Defendant Robinson, Defendant Pandullo, Defendant Russell, Defendant Kaminski, and Defendant Holbert, unlawfully handcuffed Ms. Pierre.

32. Defendants did not have probable cause or reasonable suspicion to detain or arrest Ms. Pierre.

33. Ms. Pierre did not resist arrest.

34. Defendants, including Defendant Lopez, Defendant Sasso, Defendant Beneducci, Defendant Dias, Defendant Robinson, Defendant Pandullo, Defendant Russell, Defendant Kaminski, and Defendant Holbert, searched Ms. Pierre's person without her authority or permission.

35. No contraband or anything of illegality was found on Ms. Pierre.

36. Defendants, including Defendant Lopez, Defendant Sasso, Defendant Beneducci, Defendant Dias, Defendant Robinson, Defendant Pandullo, Defendant Russell, Defendant Kaminski, and Defendant Holbert, placed Ms. Pierre under arrest and transported her to the 73rd Precinct.

37. While at the precinct, Defendants, including Defendant Lopez, Defendant Sasso,

Defendant Beneducci, Defendant Dias, Defendant Robinson, Defendant Pandullo, Defendant Russell, Defendant Kaminski, and Defendant Holbert, dragged Ms. Pierre out of the car by her handcuffs, causing further injury to her shoulder.

38. While at the precinct, Defendant Lopez, unlawfully and aggressively ripped a hair tie out of Ms. Pierre's hair, and grabbed chunks of Ms. Pierre's hair, causing hair to be missing.

39. Defendants, including Defendant Lopez, Defendant Sasso, Defendant Beneducci, Defendant Dias, Defendant Robinson, Defendant Pandullo, Defendant Russell, Defendant Kaminski, and Defendant Holbert, transferred Ms. Pierre to central bookings.

40. Defendants, including Defendant Lopez, Defendant Sasso, Defendant Beneducci, Defendant Dias, Defendant Robinson, Defendant Pandullo, Defendant Russell, Defendant Kaminski, and Defendant Holbert, conveyed false information to prosecutors in order to have Ms. Pierre prosecuted for Obstructing Governmental Administration and Resisting Arrest.

41. Defendants, including Defendant Lopez, Defendant Sasso, Defendant Beneducci, Defendant Dias, Defendant Robinson, Defendant Pandullo, Defendant Russell, Defendant Kaminski, and Defendant Holbert, prepared false sworn affidavits and false police reports relating to Ms. Pierre's arrest.

42. Ms. Pierre was unlawfully held in police custody for approximately 25 hours before being arraigned on those charges.

43. At arraignments, Ms. Pierre reluctantly accepted an Adjournment in Contemplation of Dismissal with immediate sealing.

44. Ms. Pierre admitted no wrongdoing.

45. After Ms. Pierre was released from custody, she went to Methodist Hospital for treatment to her shoulder and head.

46. Because of Defendants actions, Ms. Pierre was diagnosed with a torn rotator cup, is currently in physical therapy, and may need surgery on her shoulder.

47. Ms. Pierre has went to physical therapy approximately 2 times per week since the incident.

48. Defendants, including Defendant Lopez, Defendant Sasso, Defendant Beneducci, Defendant Dias, Defendant Robinson, Defendant Pandullo, Defendant Russell, Defendant Kaminski, and Defendant Holbert, repeatedly falsified information relating to the facts and circumstances surrounding Ms. Pierre's arrest, including a false claim they had observed Ms. Pierre obstruct governmental administration.

49. Those reports were forwarded to one or more prosecutors at the King's County District Attorney's office.

50. Upon information and belief, Defendants spoke to one or more prosecutors at the King's County District Attorney's office and falsely informed them that Ms. Pierre obstructed governmental administration on September 27, 2015.

51. At all times relevant hereto, Defendants were involved in the decision to arrest Ms. Pierre without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Ms. Pierre without probable cause.

52. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Ms. Pierre and violate her civil rights.

53. As a direct and proximate result of the acts of Defendants, Ms. Pierre suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety,

physical injury and loss of liberty.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

54. The above paragraphs are here incorporated by reference as though fully set forth.

55. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

56. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

57. The above paragraphs are here incorporated by reference as though fully set forth.

58. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

59. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

60. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law Against All Defendants

62. The above paragraphs are here incorporated by reference as though fully set forth.

63. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

64. Plaintiff was conscious of his confinement.

65. Plaintiff did not consent to his confinement.

66. Plaintiff's arrest and false imprisonment was not otherwise privileged.

67. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

68. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

69. The above paragraphs are here incorporated by reference as though fully set forth.

70. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

71. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

72. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

73. The above paragraphs are here incorporated by reference as though fully set forth.

74. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging Ms. Pierre committed unlawful acts.

75. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

76. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

77. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983

78. The above paragraphs are here incorporated by reference as though fully set forth.

79. The individual Defendants used excessive, unreasonable and unnecessary force with plaintiff.

80. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

81. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### NINTH CAUSE OF ACTION
Assault and Battery Under
New York State Law

82. The above paragraphs are here incorporated by reference as though fully set forth.

83. The individual defendants made plaintiff fear for his physical well-being and safety

11

and placed him in apprehension of immediate harmful and/or offensive touching.

84. The individual defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered her without her consent.

85. The individual Defendants used excessive and unnecessary force with plaintiff.

86. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

87. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Negligent Hiring/Training/Retention Under
New York State Law Against City of New York

88. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

89. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

90. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

91. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

92. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

93. As a direct and proximate result of this unlawful conduct, plaintiff sustained the

damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
First Amendment Retaliatory Violation Under
42 U.S.C. § 1983 Against Individual Defendants

94. The above paragraphs are here incorporated by reference.

95. Ms. Pierre engaged in protected speech.

96. The defendant's retaliated against plaintiff for exercising his right to free speech by illegally arresting, detaining, and imprisoning the plaintiff without a valid warrant, without plaintiff's consent and without probable cause or reasonable suspicion.

97. The defendant's retaliated against plaintiff for exercising his right to free speech by arresting him in the absence of probable cause or reasonable suspicion.

98. Said retaliation would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

99. All of this occurred without any illegal conduct by plaintiff.

100. Plaintiff's case was terminated in his favor and sealed.

101. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

102. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally,

as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 16, 2016
Brooklyn New York

Respectfully submitted,

_____/s/ Cary London, Esq._____
*Cary London, Esq.*
Bar Number: CL2497
Attorney for Ms. Pierre
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com